GREGORY A. BROWER
United States Attorney
CHRISTOPHER S. STRAUSS
LORI A. HENDRICKSON
Trial Attorneys
U.S. Department of Justice
Tax Division
333 South Las Vegas Boulevard
Lloyd George Federal Building Suite 5000
Las Vegas, NV 89101
Tel: (202) 514-2174

Attorneys for Respondent
United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IRWIN SCHIFF, ) | Civil Case No. 09-CV-01274 |
| ) | Criminal Case 2:04-CR-00119-1- KJD |
| Petitioner, ) | |
| ) | GOVERNMENT'S MOTION TO DISMISS |
| v. ) | PETITIONER'S MOTION TO VACATE, |
| ) | SET ASIDE, OR CORRECT SENTENCE |
| UNITED STATES OF AMERICA, ) | PURSUANT TO 28 U.S.C. § 2255 |
| ) | |
| Respondent. ) | |

The UNITED STATES OF AMERICA, by and through its counsel, Christopher S. Strauss and Lori A. Hendrickson, Trial Attorneys, Tax Division, Department of Justice, respectfully request that this Court dismiss Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255 (Docket No. 583). The Government's Motion to Dismiss is based upon the attached memorandum of points and authorities, the Court's files and records of this case, and any such argument or evidence that may be presented at a hearing (if the Court deems a hearing necessary).

## INTRODUCTION

The Government moves to dismiss Petitioner Irwin Schiff's ("Petitioner" or "Schiff") motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence of 151 months in custody, to be followed by three years of supervised release, resulting from his conviction for violations of Title 18, United States Code, Section 371; and Title 26, United States Code, Sections 7201, 7206(1), and 7206(2). In his motion, Petitioner presents three grounds for relief including: ineffective assistance of appellate

4454273.2

1 counsel, error by the trial court in allowing Petitioner to proceed pro se, and clerical error in the

2 calculation of Petitioner's sentence.  There is no need to address the merits of Petitioner's claim because

3 he has an appeal of his criminal convictions pending before the United States Court of Appeals for the

4 Ninth Circuit (08-10408).  Accordingly, the Court should dismiss his 2255 motion at this time.

5 STATEMENT OF THE CASE

6      On March 24, 2004, Petitioner was indicted, along with Cynthia Neun and Lawrence Cohen, for

7 the following crimes: Count 1, conspiracy to defraud the United States, in violation of Title 18, United

8 States Code (U.S.C.), Section 371; Counts 2 through 6, aiding and assisting in the filing of false federal

9 income tax returns, in violation of Title 26, U.S.C., Section 7206(2); Count 17, attempting to evade and

10 defeat payment of tax, in violation of Title 26, U.S.C., Section 7201, and Counts 18 through 23, filing

11 false federal income tax returns, in violation of Title 26 U.S.C., Section 7206(1).

12      On September 7, 2004, Petitioner filed notice that he may offer expert testimony relating to his

13 bipolar disorder.  (Docket No. 56.)  Co-defendant Cohen similarly filed notice on June 15, 2005, that

14 he intended to offer expert testimony relating to his narcissistic personality disorder.  (Docket No. 152)

15 The Government moved to exclude evidence regarding the mental disorders of both Petitioner and

16 Cohen.  (Docket No. 162).  Cohen filed a response in opposition to the Government's motion to exclude.

17 (Docket No. 165.)  On September 9, 2005, the Court granted the Government's motion to exclude this

18 evidence.  (Docket No. 225.)

19      On September 12, 2005, Petitioner's jury trial began. (Docket No. 244.)  On October 24, 2005,

20 following a twenty-four day trial, the jury found Petitioner guilty of Counts 1 through 6, and Counts 17

21 through 23.  (Docket No. 286.)

22      On February 24, 2006, Petitioner was sentenced to a total of 151 months imprisonment, to be

23 followed by three years supervised release for his conspiracy and tax fraud convictions.  Petitioner had

24 also been convicted and sentenced during his trial to fifteen counts of Contempt of Court.  At the

25 February 24, 2006 sentencing, the Court remitted the punishments for some of the contempt convictions

26 and determined that the total term of imprisonment for the contempt convictions should be twelve

27 months, to run consecutively to the 151 months.  Petitioner was also ordered to pay restitution in the

28 amount of $4,265,249.78.  (Docket No. 390.)

4454273.2

1    On March 1, 2006, Petitioner filed a Notice of Appeal.[1/]  (Docket No. 384.)  Petitioner filed his

2    opening brief with the United States Court of Appeals for the Ninth Circuit on March 23, 2007, which

3    the Government answered on June 14, 2007.  (Court of Appeals Docket No. 06-10199.)  On December

4    26, 2007, the Ninth Circuit affirmed Petitioner's conspiracy and tax fraud convictions, and his resulting

5    151-month sentence.  See United States v. Cohen, No. 06-10199, 2007 U.S. App. LEXIS 30028, at *3

6    (9th Cir. Dec. 26, 2007).  However, in a separate opinion, the Ninth Circuit vacated Petitioner's

7    contempt convictions due to the district court's failure to file contempt orders for each of those

8    convictions as required by Federal Rule of Criminal Procedure 42(b) and Ninth Circuit precedent.  The

9    Ninth Circuit remanded the matter to allow the district court to file those orders in proper form, then to

10   reinstate the contempt convictions, and to reimpose punishment for Petitioner's contumacious behavior.

11   The Ninth Circuit also ordered that, on remand, any sentence reimposed for the contempt convictions

12   must not exceed eleven months.  See United States v. Cohen, 510 F.3d 1114, 1119-20 (9th Cir. 2007).

13   Following remand, on May 27, 2008, this Court issued fifteen Orders of Contempt against

14   Petitioner for delaying and disrupting the Court, and obstructing the Court in its administration of

15   justice. (Docket Nos. 497-512.)  On September 8, 2008, the Court filed an amended judgment imposing

16   151 months imprisonment for the conspiracy and tax fraud counts, with an additional eleven months

17   imprisonment for the Contempt of Court citations to run consecutively, three years supervised release,

18   and a fine of $4,265,249.78.  (Docket No. 544.)

19   On September 17, 2008, Petitioner filed another Notice of Appeal.  (Court of Appeals Docket

20   No. 08-10408.)

21   Petitioner filed the instant motion to vacate sentence pursuant to 28 U.S.C. § 2255 on July 14,

22   2009.  In his motion, Petitioner asserts three grounds for relief.  First, Petitioner asserts that his appellate

23   counsel was ineffective for failing to argue that the Court wrongfully excluded the expert testimony

24   regarding his mental disorder.  Second, Petitioner argues that, in light of Indiana v. Edwards, 128 S. Ct

25   2379 (2008), the Court erred when it permitted him to represent himself because of his mental disorder.

26   Lastly, Petitioner argues that the Amended Judgment is either illegal or the result of a clerical error

27   _____

28   [1/] On March 14, 2006, the Court issued an Amended Judgment, pursuant to Federal Rule of
     Criminal Procedure 36, in order to correct the sentence for clerical mistake.  (Docket No. 396.)

4454273.2

1   because, although the Court stated that the total term of imprisonment for Petitioner's conspiracy and

2   tax fraud convictions was 115 months, not 151 months.

3                                               ARGUMENT

4                   PETITIONER'S MOTION SHOULD BE DISMISSED WITHOUT
                    PREJUDICE BECAUSE IT IS PREMATURE

5
6           Petitioner's motion should be dismissed without prejudice because his criminal case is

7   currently on appeal before the United States Court of Appeals for the Ninth Circuit.  In case number

8   08-10408, Petitioner filed a motion to extend the deadline for filing his opening brief which is now

9   due on October 14, 2009.  Consequently, his conviction is not yet final and his motion pursuant to 28

10  U.S.C. § 2255 is premature.  In addition, there are no extraordinary circumstances in this matter that

11  would warrant allowing Petitioner to collaterally attack his convictions at the District Court level

12  while his direct appeal is pending before the Court of Appeals.

13          The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") typically requires

14  federal prisoners to file a motion for habeas relief within one year from "the date on which the

15  judgment of conviction becomes final."  28 U.S.C. § 2255.  The Supreme Court has explained, "by

16  'final,' we mean a case in which a judgment of conviction has been rendered, the availability of

17  appeal exhausted, and the time for certiorari finally elapsed or a petition for certiorari finally

18  denied."  Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987) (applying this definition to determine

19  retroactivity of a criminal procedural rule).  More importantly, the Ninth Circuit has instructed that

20  "[a] district court *should not* entertain a habeas corpus petition while there is an appeal pending

21  [before it] or in the Supreme Court."  Feldman v. Henman, 815 F.2d 1318, 1320 (9th Cir. 1987)

22  (citations omitted) (emphasis in Feldman); see also United States v. Pirro, 104 F.3d 297 (9th Cir.

23  1997) (noting that judicial economy mitigates against entertaining a habeas corpus petition while an

24  appeal is pending).  The Ninth Circuit explained that the reason for this rule is that the habeas

25  petition may be rendered unnecessary by the appellate disposition.  Feldman, 815 F.2d at 1320.

26  Decisions by the Ninth Circuit announced after AEDPA's enactment have reiterated this rule.  See

27

28

4454273.2

1    United States v. Colvin, 204 F.3d 1221 (9th Cir. 2000) and United States v. LaFromboise, 427 F.3d

2    680 (9th Cir. 2005).[2]

3          Both United States v. Colvin and United States v. LaFromboise dealt with facts similar to

4    those in the instant matter, and thus these two cases are particularly instructive.  In Colvin, the

5    defendant was convicted of four crimes.  Colvin, 204 F.3d at 1222.  On direct appeal, the Ninth

6    Circuit affirmed three of the four convictions, affirmed the defendant's sentence because his base

7    offense level remained unchanged, and remanded to the district court with directions to strike the

8    conviction on the vacated count and to reduce the special assessment.  Id.  After receiving the

9    appellate court's mandate, the district court decided that it did not have authority under the mandate

10   to reconsider the defendant's sentence, and therefore, without further proceedings, it amended the

11   defendant's judgment of conviction as directed.  Id.

12          The defendant later filed a 2255 motion, and the government moved for dismissal on the

13   ground that the motion was untimely.  Id.  Rejecting the defendant's argument that his judgment of

14   conviction did not become final until the date on which the amended judgment was entered, the

15   district court held that the judgment of conviction became final either when the mandate was

16   received or when the date had passed for appealing the Ninth Circuit's decision.  Id.  Both of these

17   dates were more than one year before the defendant filed his 2255 motion, and thus the district court

18   deemed the motion untimely.  Id.

19

20          On appeal, the Ninth Circuit reversed.  Id. at 1226.  The appellate court stated that the one-

21   year statute of limitations for habeas corpus petitions runs from "the date on which the judgment of

22   conviction becomes final," but noted that the statute does not define when the judgment of

23   conviction becomes "final."  Id. at 1223.  The government argued that, because the defendant's

24

25          [2] It is unclear from the Ninth Circuit's jurisprudence whether this rule is jurisdictional or simply
     a prudential concern.  Compare Feldman, 815 F.2d at 1323 (dismissing defendant's premature habeas
26   petition because the district court lacked subject matter jurisdiction to entertain the petition) with Pirro,
     104 F.3d at 299 (noting that this rule was created "for reasons of judicial economy"); see also Rules
27   Governing § 2255 Proceedings for the United States District Courts, Rule 5, Adv. Comm. Notes ("We
     are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255
28   motion during the pendency of a direct appeal but that the orderly administration of criminal law
     precludes considering such a motion absent extraordinary circumstances.").  Under either understanding
     of this rule, petitioner's motion should be dismissed.

1    sentence and all but one of his convictions were affirmed, and his case was remanded only for the

2    purposes of modifying the judgment, the district court's task was ministerial and the defendant could

3    not have appealed the district court's entry of the amended judgment. Id. at 1224. Thus, the

4    government contended the judgment of conviction became final, at the latest, when the time passed

5    for appealing the Ninth Circuit's decision to the Supreme Court. Id. The appellate court rejected

6    this argument and held that in cases where it has either partially or wholly reversed a defendant's

7    conviction or sentence, or both, and expressly remanded to the district court, the judgment does not

8    become final, and the one-year statute of limitations for 2255 petitions does not begin to run, until

9    the district court has entered an amended judgment and the time for appealing that judgment has

10   passed. Id. The appellate court remarked that one of the advantages of this "bright-line rule" is that

11   it allows defendants to exhaust their appeals on direct review before bringing collateral attacks and is

12   consistent with the Ninth Circuit's holding in Feldman, 815 F.2d at 1320-21, that a district court

13   lacks authority to entertain a habeas corpus petition while direct review is pending. Id. at 1226.

14           Similarly, in LaFromboise, the Ninth Circuit vacated three of the defendant's five counts of

15   conviction, and remanded the case for retrial of the vacated charges. LaFromboise, 427 F.3d at 682.

16   Before retrial, the district court granted the government's motion to dismiss the three counts. Id.

17   The district court, however, did not conduct a new sentencing hearing on the affirmed counts, nor

18   did it enter an amended judgment reflecting the defendant's conviction and sentence in light of the

19   dismissed counts. Id. Almost two years later, the defendant filed a 2255 petition, and the district

20   court found the 2255 petition to be untimely. Id. On appeal, the Ninth Circuit reversed holding that

21   the defendant's 2255 motion was in fact premature, rather than untimely, because, as the district

22   court had not entered an amended judgment of conviction, the defendant's conviction had not yet

23   become final. Id. at 683, 686. The Ninth Circuit specifically noted that, "LaFromboise's sentence

24   on the counts of conviction, yet to be determined by the district court, will be subject to direct

25   appeal. Once the new judgment is entered, he may or may not choose to appeal – but until direct

26   appellate review is exhausted the district court may not entertain a motion for habeas relief." Id. at

27   686 (internal citations omitted) (citing Feldman, 815 F.2d at 1320-21).

28

4454273.2

Based on the holdings of <u>Feldman</u>, <u>Colvin</u> and <u>LaFromboise</u>, the Court should dismiss the instant petition.  As in <u>Colvin</u> and <u>LaFromboise</u>, the Ninth Circuit affirmed in part and reversed and remanded in part Petitioner's convictions.  Per the holding of <u>Colvin</u>, in such situations the judgment does not become final until the district court enters an amended judgment and the time for appeal has expired.  Additionally, just as the 2255 motion in <u>LaFromboise</u> was premature, Petitioner's 2255 motion is premature, albeit for different reasons.  On remand, the Court in the instant matter fully completed its responsibilities with respect to Petitioner's criminal convictions by issuing Orders of Contempt for each contempt conviction, resentencing Petitioner for those convictions, and entering an Amended Judgment on September 8, 2008.  (<u>See</u> Docket No. 544.)  While the defendant's conviction in <u>LaFromboise</u> did not become final because the district court never entered an amended judgment, in the instant case Petitioner's convictions are not final because he filed a direct appeal of the Court's September 8, 2008 amended judgment.  As explained in <u>LaFromboise</u>, once a new judgment is entered, it is subject to direct appeal.  In the instant case, Petitioner chose to exercise his appellate rights when he filed his Notice of Appeal on September 17, 2008.  Because Petitioner exercised his appellate rights, his conviction is not final, and will not be final until the direct appellate review is exhausted.  Accordingly, this Court lacks authority to entertain this habeas corpus petition and Petitioner's motion should be dismissed.

Dated:          August 13, 2009

Respectfully Submitted,
GREGORY A. BROWER
United States Attorney


<u>s/ Lori A. Hendrickson</u>
CHRISTOPHER S. STRAUSS
LORI A. HENDRICKSON
Trial Attorneys
U.S. Department of Justice
Tax Division

4454273.2

1
2
3
4                            UNITED STATES DISTRICT COURT
5                                 DISTRICT OF NEVADA
6
7   UNITED STATES OF AMERICA,          )       Civil Case No. 09-CV-01274
8                                      )       Criminal Case 2:04-CR-00119-KJD-LRL
                                       )
9              Plaintiff,              )
10                                     )
11             vs.                     )
                                       )       CERTIFICATE OF SERVICE
12                                     )
13  IRWIN A. SCHIFF,                   )
                                       )
14                                     )
15                                     )
16             Defendant.              )
    _____)
17
18  IT IS HEREBY CERTIFIED THAT:
19          I, LORI A. HENDRICKSON, am a citizen of the United States and am at least eighteen years
20  of age.  My business address is 333 Las Vegas Blvd., South, Suite 5000 Las Vegas, Nevada 89101.
21          I am not a party to the above-entitled action.  I have caused service of GOVERNMENT'S
    MOTION TO DISMISS PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT
22  SENTENCE on all parties by electronically filing the foregoing with the Clerk of the District Court
    using its ECF System, which electronically notifies them.
23
24          I declare under penalty of perjury that the foregoing is true and correct.
25          Executed on August 13, 2009.
26
27                                             s/ Lori A. Hendrickson
                                               LORI A. HENDRICKSON
28

4454273.2